```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


JANE DOE 2,                       )
 By "next friend" Jane Doe,       )
        Plaintiff,                )
                                  )        Civil Action
        v.                        )        No. 22-12055-PBS
                                  )
ROBERT FARRELL, et al.,           )
        Defendants.               )
```

**ORDER**

January 5, 2023

SARIS, D.J.

On December 5, 2022, pro se litigant Shushean Wong, a frequent litigant in this Court who purports to be acting on behalf of her daughter, filed a complaint against the Clerk of Court, a deputy clerk and the United States Attorney for the District of Massachusetts. Dkt. No. 1. Wong seeks to reinstate the petition for writ of habeas corpus that she filed on October 13, 2022, because the assigned judge "refuses to issue habeas corpus." Id. at p. 9. For relief, Wong seeks to have this Court order the defendants "to do ministerial duty mandated by Article III, to enroll on regular civil docket clearly evident, easily understood habeas corpus brought to court Thursday, October 13, 2022." Id. at p. 10.

With her complaint, Wong filed motions for leave to proceed in forma pauperis, to seal and for temporary restraining order.

Dkt. Nos. 2 – 4.  In her initial motion for temporary restraining order, Dkt. No. 2, Wong requests a "T.R.O." based upon a "clear constitutional right to ministerial power of clerk."  Her subsequent application/motion for TRO, Dkt. No. 4, seeks to have this Court order the defendants "to enroll on regular civil docket clearly evident, easily understood habeas corpus brought to court Thursday, October 13, 2022."

By Order dated December 15, 2022, the Court denied Wong's motions to seal and for leave to proceed in forma pauperis.  Dkt. No. 10.  Among other things, the Court explained that the motion for leave to proceed in forma pauperis was denied without prejudice because Wong's handwritten application was not signed and failed to provide a complete statement of her financial circumstances as required by 28 U.S.C. § 1915(a)(1).  Id.  This Court's December 15, 2022 Order directed the Clerk to dismiss this action unless Wong filed a complete in forma pauperis application or the filing fee within 14 days.[1]  Id.

On December 22, 2022, Wong paid the $402.00 filing fee.  Dkt. No. 11.  Since that time, Wong filed an Application to

---

[1] The Court noted that in a separate civil action, Doe v. Commonwealth, C.A. No. 22-11694-RGS, Wong was ordered to show cause why she should not be enjoined from commencing actions concerning her daughter on the civil docket of this court without first receiving permission to do so.  Id.

2

correct Record, an Amended Application and a (Second) Amended Application.  Dkt. Nos. 12-14.

Although the filing fee has been paid, a court has inherent power to dismiss frivolous or malicious actions, regardless of the status of the filing fee.  See Mallard v. United States Dist. Ct. for the S. Dist. of Iowa, 490 U.S. 296, 307-308 (1989) (in forma pauperis statute "authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision.").  As used in this context, the term "frivolous" refers to, among other things, claims that lack "an arguable basis either in law or fact" or a claim "based on an indisputably meritless legal theory."  Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989).

When examining the sufficiency of the pleadings, the Court considers whether the plaintiff has pled "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).  A court may dismiss a claim as "factually frivolous" if the pleaded facts

are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992) (quoting Neitzke, 490 U.S. at 327).

In assessing the sufficiency of the complaint, "an inquiring court must first separate wheat from chaff; that is, the court must separate the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited)." Guadalupe-Baez v. Pesquera, 819 F.3d 509, 514 (1st Cir. 2016) (citing Morales-Cruz v. Univ. of P.R., 676 F.3d 220, 224 (1st Cir. 2012)). The Court must then "determine whether the well-pleaded facts, taken in their entirety, permit 'the reasonable inference that the defendant is liable for the misconduct alleged.'" Id. (citations omitted). The general rules of pleading require "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "This short and plain statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Gargano v. Liberty Int'l Underwriters, Inc., 572 F.3d 45, 48-49 (1st Cir. 2009) (citing Twombly, 550 U.S. at 555).

Here, the allegations in the complaint fail to state a claim upon which relief can be granted. The Court's records indicate that the original habeas petition was denied. Doe v. Commonwealth, C.A. No. 22-11694-RGS. Although it is difficult to understand Wong's allegations, it appears she is dissatisfied

4

with the rulings made by Judge Stearns.  Wong refuses to accept the finality of the ruling in Doe v. Commonwealth, C.A. No. 22-11694-RGS.  This is evident by her persistence in asserting in the instant action the same basic claims.

Wong may not, through the instant action, obtain further review or reinstatement of the habeas action.  Such claims are subject to dismissal pursuant to the doctrine of res judicata.  Moreover, the defendants do not owe plaintiff a duty to do so.[2]

Even with a generous reading of the complaint because plaintiff is proceeding pro se, Rodi v. S. New Eng. Sch. of Law, 389 F.3d 5, 13 (1st Cir. 2004), it fails to state a claim upon which relief can be granted.  Because the Court finds the allegations in the complaint clearly baseless, the complaint will be dismissed as frivolous pursuant to the Court's inherent power.  Considering the nature of Wong's claims, the Court finds that amendment would be futile.  Garayalde-Rijos v. Municipality of Carolina, 747 F.3d 15, 23 (1st Cir. 2014)(explaining that sua sponte dismissal is appropriate only when it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile).

---

[2] In order to make out a claim to mandamus relief under 28 U.S.C. § 1361, a plaintiff must show that "the agency or official have acted (or failed to act) in disregard of a clear legal duty and that there be no adequate conventional means for review."  Id. (citations omitted).

Accordingly, the motions (Dkt. Nos. 4, 6) for temporary injunctive relief are DENIED; the application (Dkt. No. 12) to correct record is DENIED; and this action is DISMISSED WITH PREJUDICE.  Wong is PROHIBITED from filing any further pleadings in this action and the Clerk shall refund the $402 filing fee to plaintiff and enter a separate order of dismissal.

SO ORDERED.

/s/ Patti B. Saris
PATTI B. SARIS
UNITED STATES DISTRICT JUDGE